UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR FREDERICK LUTE, III,<br><br>                           Petitioner,<br>          v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS,<br><br>                           Respondent. | Civil No.   09cv2501-DMS (WMc)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

       Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, but has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254. If Petitioner wishes to proceed with this case, he must submit, **no later than January 11, 2010,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee. The Court notes that Petitioner includes a request for an in forma pauperis application. (Pet. at 1.) The Clerk of Court will provide Petitioner with a blank Southern District of California In Forma Pauperis Application along with a copy of this Order.

       In addition, it appears that the Petition is subject to dismissal because Petitioner has failed to name a proper Respondent, has failed to state a cognizable claim and has failed to allege

1 | exhaustion of his state court remedies. Petitioner is granted leave to file a First Amended
2 | Petition in an attempt to cure these pleading defects no later that January 11, 2010.

### FAILURE TO NAME PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." Id. Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

Here, Petitioner has incorrectly named "California Department of Corrections" as Respondent. A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections and Rehabilitation. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). <u>See</u> <u>Hernandez v. Ylst</u>, 930 F.2d 714, 719 (9th Cir. 1991); <u>Mannhalt v. Reed</u>, 847 F.2d 576, 579 (9th Cir. 1988); <u>Kealohapauole v. Shimoda</u>, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." <u>See</u> 28 U.S.C. § 2254(a).

Here, Petitioner claims that his counsel was incompetent, that there was coercion between the Deputy District Attorney and defense counsel, that defense counsel violated duties and rules, and there were dishonest court practices. (Pet. at 6-9.) Petitioner does not claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. If Petitioner contends that he received constitutionally ineffective assistance of counsel in violation of the Sixth Amendment, for example, he should specifically say so.

Further, the Court notes that Petitioner may not be able to simply amend his Petition to state a federal habeas claim and then refile the amended petition in this case. He must exhaust state judicial remedies with respect to any federal claim before bringing his claims via federal habeas.

## FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C.

§ 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." <u>Id.</u> at 366 (emphasis added).

Petitioner has specifically indicated that he did not present his claims to the California Supreme Court. (<u>See</u> Pet. at 6-9.) If Petitioner has raised his claims in the California Supreme Court he must so specify. The burden of proving that a claim has been exhausted lies with the petitioner. <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir.1981).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West 2006).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); see Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). But see Artuz v. Bennett, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** this action without prejudice because Petitioner has failed to satisfy filing fee requirements, failed to allege exhaustion of state judicial remedies and failed to state a cognizable federal claim. To have this case reopened, Petitioner must, no later than **January 11, 2010**, pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee, **and** file a First Amended Petition that cures the pleading deficiencies set forth above. The Clerk of Court shall send a blank Southern District of California in forma pauperis application and a blank Southern District of California amended habeas petition form to Petitioner along with a copy of this Order.

Further, Petitioner is advised that if he has not submitted a First Amended Petition stating a cognizable federal claim(s) and alleging exhaustion of his state court remedies with regard to

///

///

that claim(s) before January 11, 2010, he will have to start over by filing a completely new habeas petition in this Court.  <u>See</u> <u>In re Turner</u>, 101 F.3d 1323 (9th Cir. 1997).

**IT IS SO ORDERED.**

**DATED:  November 12, 2009**

**HON. DANA M. SABRAW**
**United States District Judge**

CC:        ALL PARTIES