1
2
3
4
5
6
7
8
**UNITED STATES DISTRICT COURT**
9
**SOUTHERN DISTRICT OF CALIFORNIA**
10
11
ARTHUR FREDRICK LUTE, III,                     Civil No.       09-2501 DMS (WMC)
12
                                    Petitioner,
13
              v.                                **ORDER GRANTING APPLICATION
                                                TO PROCEED IN FORMA
14                                              PAUPERIS AND DISMISSING
GEORGE NEOTTI, Warden, et al.,                  PETITION WITHOUT PREJUDICE**
15
                                  Respondents.
16
        Petitioner, a state prisoner proceeding pro se, has submitted a First Amended Petition for
17
Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma
18
pauperis.
19
                    **REQUEST TO PROCEED IN FORMA PAUPERIS**
20
        Petitioner has no funds on account at the California correctional institution in which he
21
is presently confined.  Petitioner cannot afford the $5.00 filing fee.  Thus, the Court **GRANTS**
22
Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the
23
above-referenced action without being required to prepay fees or costs and without being
24
required to post security.  The Clerk of the Court shall file the Petition for Writ of Habeas
25
Corpus without prepayment of the filing fee.
26
        **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**
27
        Further, habeas petitioners who wish to challenge either their state court conviction or the
28
length of their confinement in state prison, must first exhaust state judicial remedies.  28 U.S.C.
§ 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial

1  remedies, a California state prisoner must present the California Supreme Court with a fair

2  opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28

3  U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court

4  remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights

5  have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned:

6  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal

7  rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the</u>

8  <u>United States Constitution</u>." *Id.* at 365-66 (emphasis added). For example, "[i]f a habeas

9  petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the

10  <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only

11  in federal court, but in state court." *Id.* at 366 (emphasis added).

12  Nowhere on the Petition does Petitioner allege that he raised his claims in the California

13  Supreme Court. In fact, he specifically indicates he did not seek review in the California

14  Supreme Court. (*See* Pet. at 6, 7.) If Petitioner has raised his claims in the California Supreme

15  Court he must so specify. "The burden of proving that a claim has been exhausted lies with the

16  petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *see Breard v. Pruett*, 134 F.3d

17  615, 619 (4th Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Oyler v.*

18  *Allenbrand*, 23 F.3d 292, 300 (10th Cir. 1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

19  Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death

20  Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ

21  of habeas corpus by a person in custody pursuant to the judgment of a State court. The

22  limitation period shall run from the latest of:

23          (A) the date on which the judgment became final by the

24  conclusion of direct review or the expiration of the time for seeking such review;

25          (B) the date on which the impediment to filing an application

26  created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

27          (C) the date on which the constitutional right asserted was

28  initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

1     (D) the date on which the factual predicate of the claim or
claims presented could have been discovered through the exercise
2     of due diligence.

3     28 U.S.C. § 2244(d)(1)(A)-(D) (West 2006).

4          The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition

5     is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

6     *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

7     when its delivery and acceptance [by the appropriate court officer for placement into the record]

8     are in compliance with the applicable laws and rules governing filings.").  However, absent some

9     other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is

10    pending.  *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

11         Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

12    habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to

13    it that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll.

14    § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal

15    habeas relief because he has not alleged exhaustion of state court remedies.

16                              <u>**CONCLUSION**</u>

17         Based on the foregoing, the Court **GRANTS** Petitioner's request to proceed in forma

18    pauperis and **DISMISSES** this action without prejudice because Petitioner has failed to

19    allege exhaustion of state judicial remedies.  Petitioner was advised in the preceding dismissal

20    Order that if he filed an Amended Petition which failed to allege exhaustion of state judicial

21    remedies, he would be given no further opportunities to amend the present case, but would have

22    to begin again by filing a new federal habeas petition which will be given a new civil case

23    number.

24         **IT IS SO ORDERED.**

25    DATED:  December 15, 2009

26    _____

27    HON. DANA M. SABRAW
United States District Judge

28